## Case No. 13,507.

### In re STOVER.

[1 Curt. 201.] [1]

Circuit Court, D. Rhode Island. June Term, 1852.

#### COSTS—DISMISSAL WITHOUT COSTS TO EITHER PARTY.

1. Where a third person appears and defends a suit in admiralty, in behalf and in the absence of the party to the suit, he is to be treated as a party, and made liable, personally, for the fees of the clerk of the court, for services rendered in the cause at his request.

[Cited in The Maggie M., 33 Fed. 592.]

2. Where a decree is made, dismissing a libel in admiralty, "without costs to either party," it merely imports that the parties are not liable to each other for any costs, but does not affect the liability of a party to the clerk for his fees for services rendered to such party.

[Cited in Goodyear v. Sawyer, 17 Fed. 5; U. S. v. Ames, 99 U. S. 43.]

CURTIS, Circuit Justice. The clerk of this court moves for an order of the court on William Stover, that he pay the fees due to the clerk for official services rendered by him to the claimants in certain cases in the admiralty. Many of the facts have been stated in giving the opinion upon Stover's petition. The other material facts are, that Stover, as agent for the owners of nine of these vessels, was admitted by the court to claim them, and filed his claims as agent; that, instead of stipulating, with a surety, to pay the costs, he deposited, as security therefor, in each case, the sum of one hundred dollars; that, in his capacity of agent, he answered the libels; and that, after the decree was entered in this court, dismissing the libels without costs [Case No. 13,506], the sums deposited were paid out to him by the clerk, under the belief that all the fees of the officers were to be paid by the government. Stover has filed an account between himself and the owners of the vessels, by which it appears that he had applied the moneys received from the clerk to pay counsel fees and expenses of the proceedings, including charges for his own services, traveling expenses, &c., amounting to $442.64. He denies his personal liability for costs in any of these cases.

When a claim is to be made in the admiralty, the owner should do it, if practicable; but it is in the power of the court to permit a representative of the owner to intervene, and claim and answer. The Adeline, 9 Cranch [13 U. S.] 244; The Sally [Case No. 12,258]; The Lively [Id. 8,403]. And this practice is sanctioned and provided for by the 26th rule for the regulation of admiralty practice, adopted by the supreme court.

By the Roman law, any third person could appear, and take upon himself the defence of

1 [Reported by Hon. B. R. Curtis, Circuit Justice.]

another's cause. He was, however, required to enter into an obligation, with sureties, to pay whatever should be adjudged against him; and he was considered as substitute, for all purposes, in place of the original party. Lane v. Townsend [Case No. 8,054]. Under our practice, in suits in rem, third persons, duly authorized by the owners, may be admitted to claim and contest the suit; and when admitted, the rule of the Roman law is in part applied, nemo alienæ rei, sine satisdatione, defensor idoneus intelligitur. For the 26th rule, respecting claims by agents, requires them to file a stipulation, with sureties, in such sum as the court shall direct, for the payment of all costs and expenses which shall be awarded against them by the final decree of the court, or upon appeal, by the appellate court.

When a third person has thus intervened and claimed, he becomes the dominus litis, and is, for many purposes, to be treated as a party. It is true, he acts for another, and may so act either in his own name, as agent, or in the name of his principal, as he thinks best; it is but a difference of form. Houseman v. The North Carolina, 15 Pet. [40 U. S.] 49. But in either way, he is a party on the record, contesting the suit, and controlling the defence, as a guardian or prochein amy does suits in equity and at the common law. It is manifest, also, that, ordinarily, he is the only party defendant, over whom the court can have any control; for the reason for admitting an agent to claim, is, that the owner is out of the country, or resides at so great a distance as to render it impracticable for him to appear. This personal disability, arising from distance and absence, is the occasion for allowing a third person, duly authorized by the owner, to appear and defend for him, just as the personal disability of an infant or feme covert induces other courts to admit third persons to defend for them. But both courts of law any equity treat the third person, so intervening, as a party, liable to costs; and adjudge against him, not merely the fees of the officers of the court, for services rendered to him, but the whole costs of the party prevailing against him. Beames, Costs, 129; Marnell v. Pickmore, 2 Esp. 473; Blood v. Harrington, 8 Pick. 555. And in a court of law, he may be compelled to pay the costs by an order and an attachment, if the order be not obeyed. Wilson v. McGhee, 2 A. K. Marsh. 601; Browne, Actions, 290, 291.

Here it is not a question whether he shall pay costs, but whether he shall be ordered to pay the fees of the clerk for services performed for him as claimant. If the agent had complied with the 26th rule, and stipulated, with sureties, to pay all such costs and expenses as should be awarded against him, both he and his sureties would then have been bound to pay these expenses. By force of a similar obligation as respects sureties, Mr. Justice Story held an indorser of a writ

(Anon. [Case No. 445]) liable for fees. And the question is, whether such a stipulation is essential to render such a claimant liable for fees for services rendered to him by the clerk. I think it is not essential, and that an obligation on his part to pay such expenses. arises from his relation to the cause, and from his procuring the services to be rendered. It is argued, that an agent, who discloses his principals and acts for them, does not bind himself. This is true, in general. But if the credit be given to the agent, and not to the principal, the former is liable; and when the principal resides abroad, the credit is presumed to be given to the agent. Paley, Ag. (by Lloyd) 373. Such a presumption may well arise in the case at bar. It springs from the fact that the agent who ordered the services is the dominus litis, is before the court, a party on the record, and subject to its control; while the principal is not before the court, and is out of the jurisdiction. To him, and not to his principal, the services must be deemed to be rendered, and the credit given; and upon this ground, he is personally responsible for the fees of the officers of the court. That the courts of the United States may compel a party to pay the fees of their officers for services rendered to him, by an order, to be enforced by an attachment, is settled. Caldwell v. Jackson, 7 Cranch [11 U. S.] 276; Bowne v. Arbuncle [Case No. 1,742]; Anon. [supra].

It is argued, that such an order, in this case, would be in conflict with the decree of the court in each of these cases, dismissing the libel "without costs to the libellant or claimant." But this is founded on a misapprehension of the meaning of the decree; which is, simply, that neither party is to claim costs of the other. It has no reference to the claims of the clerk, for his fees, upon the party for whom the services were rendered. It is wholly immaterial to the clerk what order is made respecting costs. He has a right to be paid for his services by his employer. Caldwell v. Jackson, 7 Cranch [11 U. S.] 276.

That the residue of the decree, directing the fees of the officers to be paid according to the act of February 28th, 1799 [1 Stat. 624], can have no bearing on the fees for services rendered to the claimants, has been already shown in disposing of Stover's petiton.

In each of the nine cases, in which Stover made the claim, I shall have an order entered, that he pay the fees of the clerk; but as their amounts have not been admitted by him, I shall, if he desires it, refer it to some member of the bar, to tax the fees and report them to the court. If the clerk's claim should be reduced by this proceeding, he must pay the expense of it; otherwise, it must be borne by the respondent.

In the other cases, I see no ground to charge Stover; and there has been no motion to charge any other person.

