## THE MAGGIE M.[1]

### ROBINSON et al. v. THE MAGGIE M.

*(District Court, S. D. New York. January 18, 1888.)*

ADMIRALTY—STIPULATION—SURETY DEFENDING LIABLE FOR INTEREST.
> One who signs a stipulation for the value of a vessel libeled, and thereafter defends the suit, is liable for interest on the face of such stipulation from the time it was filed, though he acted simply as agent for an absent owner.

In Admiralty.
*Henry Broadhead*, for libelants.
*Olin, Rives, & Montgomery*, for claimants.

BROWN, J. The bark in question being British, and her owners resident abroad, upon her arrest by the marshal, Leonard & Florez, the ship's agents here, intervened as agents of the owners, and filed a claim on the owners' behalf. They executed a stipulation for the agreed value

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

of the vessel, appeared in the cause, and in November, 1885, interposed an answer in behalf of the owners, and signed it in their own names, as respondents. . The result of the trial shows that the libelants are entitled to a greater sum than the amount of the stipulation. The libelants claim the right to enter a decree for the amount of the stipulation, *with interest thereon* from the day it was filed, on the ground that the obligors therein, by personally appearing and making themselves parties to the record, and defending the action, are responsible for interest on their stipulation during the time that they have delayed the libelants in obtaining their rights. See Rule 10, Sup. Ct.; Rule 71, Dist. Ct. The respondents contend that it being plain that the obligors signed the stipulation as sureties only, and acted only as agents of the absent owners in the defense, there is no reason for charging them personally with what is legally only the act of the principal; or for holding the sureties beyond the face of their stipulation. As bearing on this question, the respondents have moved to amend their answer, *nunc pro tunc,* by adding after their signatures as "respondents," at the end of the prayer for relief, the words "as agents as aforesaid." Although the affidavits on which this motion is made do not show that the agents had no personal or pecuniary interest in the defense, all the papers do sufficiently show that they designed to act as agents only; and in order that no mere form of words, or accidental oversight, may be deemed to affect the question as to the extent of their liability, I think the motion should be granted, *nunc pro tunc,* as of the date when the answer was filed. But, with the amendment granted, I still think the stipulators are responsible for interest on the face of their stipulation. *The Belle,* 5 Ben. 67. I cannot distinguish the case from that of *The William Stover,* 1 Curt. 201, in which Mr. Justice CURTIS held the stipulators responsible, who, as in this case, intervened and defended as agents of absent owners. In his opinion he examines the question in all its aspects, and holds the agent liable as the only person before the court over whom the court can have any control; as the *dominus litis,* delaying the libelant by his personal appearance and defense, though acting as agent only; (*The Dundee,* 2 Hagg, Adm. 137;) and as being, on the ordinary rules of law, personally liable for his acts in behalf of a *foreign* principal. See *The Suliote,* 23 Fed. Rep. 919; *Berwind* v. *Schultz,* 25 Fed. Rep. 912, 918.

The responsibility of the agent or surety, as a principal, for interest on his stipulation, where he thus "appears and defends," appears also to be recognized by the supreme court in the cases of *The Wanata,* 95 U. S. 612, and *The Maggie I. Smith,* 123 U. S. 356, 8 Sup. Ct. Rep. 159. The decree should, therefore, be for the amount of the stipulation, with interest from the time it was filed, with costs.